IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

PAMELA D. BYERS, et al.,

        Plaintiffs,

v.                                                                CIVIL ACTION NO.   2:14-cv-15751

GREEN TREE SERVICING, LLC,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

This case concerns alleged loan servicer abuse. Plaintiffs Pamela Byers and Maurice Byers ("Plaintiffs") assert four claims against Defendant Green Tree Servicing LLC ("Defendant"): (1) failure to credit payments, in violation of West Virginia Code § 46A-2-115; (2) misrepresentation in debt collection, in violation of West Virginia Code § 46A-2-127; (3) breach of contract; and (4) negligence. Defendant moves to dismiss the negligence claim pursuant to Federal Rule of Civil Procedure 12(b)(6) [ECF 5]. For reasons stated more fully below, Defendant's motion is **DENIED**.

*I. BACKGROUND*

According to the Complaint, in 2006 Plaintiffs, West Virginia residents, entered into a Deed of Trust which was to serve as security for a loan originated by Countrywide Home Loans. The Deed of Trust was secured by the Plaintiffs' home in Mount Hope, Fayette County, West Virginia. In July 2011, the Plaintiffs divorced. Plaintiff Pamela D. Byers was granted title to

the home and the obligation to make the payments on the loan. In July 2013, the servicing of the loan was transferred to Defendant, a limited liability corporation.[1]

In November 2013, Defendant returned Plaintiff Pamela Byers' monthly payment. By correspondence dated November 5, 2013, Defendant represented that the return was "pursuant to customer request." Plaintiffs assert that this was false. Plaintiff Pamela Byers requested loss mitigation alternatives from Defendant. Defendant requested certain documentation, which Plaintiffs provided. In multiple phone conversations, Defendant represented to Plaintiff Pamela Byers that Defendant would not accept payments from Plaintiffs. By correspondence dated January 24, 2014, Defendant represented that it would consider Plaintiffs' request for loss mitigation within 30 days. However, Plaintiffs never received a written response to their loss mitigation request. Plaintiff Pamela Byers contacted Defendant by phone on March 17, 2014, and was informed that Plaintiffs' request for a loan modification had been denied, because Defendant would not use Plaintiff Pamela Byers' income in considering the modification. This was contrary to Defendant's previous representations. Plaintiff Pamela Byers was then informed that her home would be sold on March 25, 2014, at a foreclosure sale without any further consideration of loss mitigation alternatives.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Allegations "must be simple, concise, and direct" and "[n]o technical form is required." Fed. R. Civ. P. 8(d)(1). A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a civil complaint.

---

[1] According to the Notice of Removal, Defendant is a wholly-owned subsidiary of Walter Investment Management Corp., a Maryland corporation with a its principal place of business in Tampa, Florida.

*See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "[I]t does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A C. Wright & A. Miller, Federal Practice and Procedure § 1356 (1990)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court decides whether this standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer that "the defendant is liable for the misconduct alleged." *Id.* A motion to dismiss will be granted if, "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244.

### III. DISCUSSION

In order to establish a negligence claim in West Virginia, a plaintiff is required to prove: (1) that the defendant owed him a legal duty; (2) that the defendant breached the duty; (3) that the plaintiff was injured; and (4) that the defendant's negligence proximately caused the injury. *Neely v. Belk, Inc.*, 668 S.E.2d 189, 197 (W. Va. 2008) (citing *Webb v. Brown & Williamson Tobacco Co.*, 2 S.E.2d 898, 899 (W. Va. 1939)). The narrow issue presented by Defendant's partial motion to dismiss is whether Plaintiffs have sufficiently pled the existence of a legal duty.

Under West Virginia law, a plaintiff cannot maintain an action in tort for an alleged breach of a contractual duty. *Ranson v.. Bank of Am., N.A.*, No. 3:12–cv–5616, 2013 WL 1077093, at *5 (S.D.W. Va. Mar. 14, 2013). The tort liability of the parties to a contract arises from the breach of some positive legal duty imposed by law because of the relationship of the parties, rather than from a mere omission to perform a contractual obligation. *Id.* In deciding whether a "special relationship" exists beyond the parties' contractual obligations, courts look to the extent to which the particular plaintiff is affected differently from society in general. *Id.* In the lender-borrower context, courts consider whether the lender has created such a "special relationship" by performing services not normally provided by a lender to a borrower. *Id.* However, "customary loan servicing activities . . . would serve to preclude a finding that a special relationship exists . . . only if a contractual relationship exists between Plaintiffs and Defendant." *Coleman v. JP Morgan Chase Bank, N.A.*, No. CIV.A. 3:14-0183, 2014 WL 1871726, at *10 (S.D.W. Va. May 8, 2014). *Accord Petty v. Countrywide Home Loans, Inc.*, No. CIV.A. 3:12-6677, 2013 WL 1837932, at *12 (S.D.W. Va. May 1, 2013).

Defendant's memorandum in support of its partial motion to dismiss argues that Plaintiffs have not alleged facts to support a claim that Defendant owed them a separate duty beyond the normal contractual obligations in a borrower-servicer relationship. Plaintiff's response counters that Defendant is not actually a party to the contract between Plaintiffs and the lender. Thus, no "special relationship" is needed. Instead, a duty to provide Plaintiffs with accurate information about their loan amount and its obligations existed by virtue of the loan servicer relationship. Defendant's reply does not dispute that, in the absence of a contractual relationship, it would owe Plaintiffs a legal duty. Instead, it points out that Plaintiffs' Complaint pleads a breach of

4

contract claim and makes explicit reference to the existence of a contract between Plaintiffs and Defendant. Defendant argues that Plaintiffs' allegation of a contractual relationship with Defendant in their Complaint is fatal to Plaintiffs' position with respect to the negligence claim. However, in case the Court denies Defendant's motion, Defendant asks in the alternative for leave to move to dismiss Plaintiffs' breach of contract claim.

It appears to be a contested issue whether a contract between Plaintiffs and Defendant actually exists. The "Statement of Facts" in Plaintiffs' Complaint alleges that Plaintiffs entered into a Deed of Trust to secure a loan originated by Countrywide Home Loans. It further alleges that the servicing of the loan was subsequently transferred to Defendant. "Count III" of Plaintiffs' Complaint alleges a breach of contract by Defendant and alleges that "Plaintiffs' contract with Defendant (the deed of trust)" requires that Defendant give Plaintiffs notice of default prior to acceleration and foreclosure and provides Defendant with discretion to enter into loss mitigation. A plaintiff is entitled to plead different claims in the alternative, *see* Rule 8(d)(2) of the Federal Rules of Civil Procedure (permitting alternative pleading), and Plaintiffs' allegations in "Count III" as to the existence of a contract between Plaintiffs and Defendant may be read as a legal conclusion, rather than as a factual allegation. The "Statement of Facts" does not clarify the conditions under which the servicing of Plaintiffs' loan was transferred to Defendant and does not necessitate the conclusion that the parties have a contractual relationship. Taking the allegations in the Complaint as true and drawing all reasonable factual inferences in Plaintiffs' favor, the Court finds that Plaintiffs have sufficiently pled their negligence claim.

## IV. CONCLUSION

Accordingly, the Court **DENIES** Defendant's partial motion to dismiss [ECF 5].

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 3, 2015

_____

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE